UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ADAM HAWKINS,

          Plaintiff,

    v.

GM COMPONENTS HOLDINGS LLC,

          Defendant.
_____

**DECISION AND ORDER**

1:18-CV-01058 EAW

## INTRODUCTION

Plaintiff Adam Hawkins ("Plaintiff"), proceeding *pro se*, commenced this action in Lockport City Court, Small Claims Part, New York State, Niagara County on August 17, 2018, claiming breach of a collective bargaining agreement by defendant GM Components Holdings LLC ("Defendant"). (Dkt. 1-1). The action was removed to this Court by Defendant on September 25, 2018. (Dkt. 1). Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). (Dkt. 3). For the following reasons, the Court converts Defendant's motion to one for summary judgment and grants summary judgment in favor of Defendant.

## BACKGROUND

Plaintiff was a temporary worker for Defendant pursuant to the terms of a collective bargaining agreement between Defendant and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"). He worked for Defendant from May 13, 2016, to June 25, 2017. (Dkt. 1-1 at 4). On August 17, 2018,

- 1 -

Plaintiff filed a complaint alleging breach of contract against Defendant in Lockport City Court, Small Claims Part, New York State, Niagara County. (Dkt. 1-1 at 2). Plaintiff alleges Defendant breached a 2015 Agreement between the UAW and Defendant, specifically the Temporary Employees Wage Rates, and claims $2,000.00 in damages. (*Id.*).

On September 25, 2018, Defendant removed the action to this Court pursuant to § 301 of the Labor Management Relations Act. (Dkt. 1). Defendant filed the instant motion to dismiss on October 2, 2018. (Dkt. 3). In support of its argument, Defendant submitted the sworn declaration of its employee, Mike Moresco, who asserts the collective bargaining agreement at issue provides for grievance and arbitration procedures that Plaintiff has not yet exhausted. (Dkt. 3-2 at ¶¶ 9-12). Defendant also submitted documents in support of the declaration. (Dkt. 3-7; Dkt. 3-8). Plaintiff filed no response to Defendant's motion. (*See* Dkt. 7). On August 26, 2019, the Court issued an Order notifying the parties that it intended to convert the motion to dismiss to a motion for summary judgment and giving Plaintiff the opportunity to submit evidence in opposition to the motion. (Dkt. 8). The Court directed Plaintiff to submit any materials in opposition to Defendant's motion no later than September 16, 2019. (*Id.* at 4). No response was received from Plaintiff. (*See* Dkt. 9).

## DISCUSSION

### I. Conversion to Motion for Summary Judgment

If a party presents matters outside the pleadings on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties

must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Ordinarily, this means that a district court must give notice to the parties *before* converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (quotation omitted).

"The district court's conversion of a Rule 12(b)(6) motion into one for summary judgment is governed by principles of substance rather than form." *Id.* (quotation omitted). In other words, it is not necessary for the parties to submit a statement of material facts as required by the Local Rules of Civil Procedure in order for the Court to convert the instant motion to dismiss into one for summary judgment. *See, e.g., G. & A. Books, Inc. v. Stern*, 770 F.2d 288, 295 (2d Cir. 1985) ("Even where only the party moving to dismiss has submitted extrinsic material such as depositions or affidavits, the opposing party may be deemed to have had adequate notice that the motion to dismiss would be converted."); *Bd. of Trs. of Teamsters Local 918 Pension Fund v. Freeburg & Freeburg, C.P.A.*, No. 98- CV 4895(SJ), 1999 WL 803895, at *4 (E.D.N.Y. Sept. 28, 1999) ("[I]n a motion to dismiss under 12(b)(6), where affidavits and exhibits in addition to the pleadings are presented to and not excluded by the court, the court must convert the 12(b)(6) motion into a motion for summary judgment." (collecting cases)).

As discussed in the Court's August 26, 2019, Order, the Court interprets Defendant's motion to dismiss as one brought pursuant to Rule 12(b)(6).[1] (Dkt. 8). In its

---

[1] Defendant did not specify whether it brings the motion pursuant to Rule 12(b)(1) or 12(b)(6). This distinction is significant here because "[a] district court may consult

motion, Defendant submitted matters outside the pleadings, including a declaration and documents in support of that declaration, which the Court cannot consider on a Rule 12(b)(6) motion. However, the Court gave Plaintiff a reasonable opportunity to present materials in opposition to Defendant's motion. (*See id.*). Accordingly, the Court converts Defendant's motion to dismiss (Dkt. 3) into a motion for summary judgment.

## II. Motion for Summary Judgment

### A. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

---

evidence to decide a Rule 12(b)(1) motion in contrast with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, where it may not." *Robinson v. Gov't of Malay.*, 269 F.3d 133, 141 n.6 (2d Cir. 2001) (quotation omitted). This ambiguity reflects "the lack of clarity in the case law of this Circuit (and others) as to what procedural mechanism must be employed by courts to dismiss actions in which the parties are bound to resolve (or attempt resolution of) their claims in accordance with a contractual grievance procedure." *Tyler v. City of New York*, No. 05CV3620(SLT)(JO), 2006 WL 1329753, at *2 (E.D.N.Y. May 16, 2006) (collecting cases). Given the ambiguity in both the motion and the law and the lack of briefing on the issue, the Court declines to resolve which standard is proper in the instant matter. However, the Court treats the motion regarding the failure to exhaust claim as brought pursuant to Rule 12(b)(6) because if it is found that Rule 12(b)(1) is instead the proper standard for Defendant's motion, the Court's determination would be the same.

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact[.]" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

### B. Failure to Exhaust

Defendant argues the Court should dismiss the Complaint because Plaintiff did not exhaust the grievance and arbitration procedures provided for in the collective bargaining agreement. (Dkt. 3-1 at 6-7). The Court grants summary judgment for the reasons that follow.

An action for breach of a collective bargaining agreement brought pursuant to § 301 of the Labor Management Relations Act "is within the exclusive jurisdiction of federal courts and subject exclusively to federal law, regardless of where it is brought." *Cespuglio v. Ward*, No. 03 Civ. 8603(SAS), 2004 WL 1088235, at *3 (S.D.N.Y. May 13, 2004) (citing *Textile Workers Union v. Lincoln Mills of Ala.*, 353 U.S. 448, 450-51 (1957) ("Section 301 confers exclusive jurisdiction on federal courts to hear disputes arising from collective bargaining agreements."), and *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968) ("An action arising under § 301 is controlled by federal substantive law even though it is brought in a state court.")); *see* 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.").

"In deference to the collective bargaining process, before bringing an action under Section 301, 'the employee must exhaust grievance procedures provided by the relevant collective bargaining agreement.'" *Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371, 378 (E.D.N.Y. 2011) (quoting *Dougherty v. Am. Tel. & Tel. Co.*, 902 F.2d 201, 203 (2d Cir. 1990)). "[W]hen a collective bargaining agreement provides for arbitration and grievance procedures for employee grievances, the aggrieved employee must make an attempt to exhaust the procedures set forth in the governing collective bargaining agreement prior to resorting to judicial relief." *Tand v. Solomon Schechter Day Sch. of Nassau Cty.*, 324 F. Supp. 2d 379, 384 (E.D.N.Y. 2004) (citing *Vaca v. Sipes*, 386 U.S. 171, 184 (1967), and

*Dougherty*, 902 F.2d at 203). "Absent an express provision excluding a particular grievance from arbitration [in a collective bargaining agreement], only the most forceful evidence of a purpose to exclude the claim from arbitration will satisfy a party's substantial hurdle to rebut this presumption of arbitrability." *Vera v. Saks & Co.*, 335 F.3d 109, 117 (2d Cir. 2003) (quotations omitted).

The record before the Court shows the 2015 Agreement between Defendant and the UAW that Defendant allegedly breached was a collective bargaining agreement. (Dkt. 3-4). The 2015 Agreement provides the wage rate for temporary employees (Dkt. 3-5), and further provides that disputes arising under it are subject to grievance and arbitration procedures (*see* Dkt. 3-4 at 50-68). There is no provision excluding grievances related to wages from the procedures; in fact, the 2015 Agreement specifically includes "any alleged violations of written local or national wage agreements" as a dispute within the power of the arbitrator. (*Id.* at 63). Moreover, the 2015 Agreement provides that the decision of the arbitrator is "final and binding on the Union and its members, the employee or employees involved and [Defendant]." (*Id.* at 67).

On April 26, 2017, Plaintiff filed a grievance in accordance with the 2015 Agreement regarding his wage rate as a temporary employee. (Dkt. 3-7). The UAW subsequently added other individuals to the grievance and brought the grievance before Defendant. (Dkt. 3-2 at ¶ 11; Dkt. 3-8). The record before the Court shows the grievance is currently pending in the grievance and arbitration process provided for in the 2015 Agreement, and Plaintiff has submitted no evidence of a purpose to exclude the claim from the grievance and arbitration procedures. (Dkt. 3-2 at ¶ 12). Accordingly, there is no

genuine issue of material fact before the Court that Plaintiff failed to exhaust the grievance and arbitration procedures in the 2015 Agreement, and summary judgment in favor of Defendant is appropriate.[2] *See Vera*, 335 F.3d at 118-19 ("Because plaintiff failed to exhaust his remedies under the CBA to grieve and arbitrate his . . . claim, the District Court properly granted defendant summary judgment.").

## CONCLUSION

For the foregoing reasons, the motion to dismiss (Dkt. 3) is converted into a motion for summary judgment, and summary judgment is granted in favor of Defendant. The Clerk of Court is instructed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 26, 2019
      Rochester, New York

---

[2] Defendant also moves pursuant to Rule 12(b)(7) to dismiss the case for failure to join a necessary party. The Court need not address this argument in light of the grant of summary judgment to Defendant. However, the Supreme Court has held that an employee may sue for breach of a collective bargaining agreement without naming the union as a party. *See Groves v. Ring Screw Works*, 498 U.S. 168, 172 (1990) ("We have squarely held that § 301 authorizes suits by and against individual employees as well as between unions and employers[.]" (quotation omitted)).

- 8 -